**06-20652**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA **CIV-HOEVELER**
CASE NO.:

LISA BURKE-THOMPSON,

    Plaintiff,

**MAGISTRATE JUDGE
BROWN**

vs.

    COMPLAINT
    DEMAND FOR JURY TRIAL

BAPTIST HEALTH SYSTEMS, INC.,

    Defendant.

_____/

## INTRODUCTION

1. This is an action by Plaintiff, **LISA BURKE-THOMPSON** (hereinafter "**BURKE-THOMPSON**"), under Title VII of the Civil Rights Act of 1978 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to her by the Defendant, **BAPTIST HEALTH SYSTEMS, INC.'S** (hereinafter "**BAPTIST HEALTH**") discriminatory treatment on the basis of her **race**.

2. On or about May of 2005, Plaintiff filed a complaint alleging discrimination on the basis of her **race** with the Florida Commission on Human Relations (FCHR). (See attached Exhibit "A"). This complaint was accepted for filing with EEOC.

3. On December 28, 2005, the EEOC issued "Notice of Dismissal" letters to Plaintiff (See attached composite Exhibit "B") and suit was instituted within ninety (90) days of receipt of the letter.

## JURISDICTION AND VENUE

1



4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1343, 1367, and 42 U.S.C. Section 2000 (e)-5(f). This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e), et. Seq., and the Civil Rights Act of 1991, 42 U.S.C. section 1981 (a), and the Florida Civil Rights Act of 1992, Florida Statute Section 760.

5. The employment practices hereafter alleged to be unlawful were committed in Miami Dade County, within the jurisdiction of the Southern District of Florida.

## PARTIES

6. At all relevant times, Defendant, **BAPTIST HEALTH** is a medical center conducting business in the State of Florida, Miami-Dade County, located at 8900 N. Kendall Drive, Kendall, FL 33176, which affects interstate commerce, who at all material times relevant hereto had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

7. The Plaintiff, **BURKE-THOMPSON**, is a citizen of the United States and a resident of Miami-Dade County, Florida, who was employed by Defendant and is a member of certain protected classes of persons.

8. Plaintiff was employed by Defendant from on or about March of 2000 through March 16, 2005.

## FACTS

9. On or about March of 2000 Plaintiff began her employment with Defendant having duties as a Childcare assistant.

10. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

2

11. On March 16, 2005, Defendant discriminated against Plaintiff because Plaintiff is Black.

12. During her employment, Plaintiff was subject to racial hostility including racial slurs by her supervisor Daysi Acosta.

13. Plaintiff suffered disparate treatment in her employment due to her race and was denied promotions in favor of white and Hispanic employees.

14. Due to the hostile and disparate treatment, Plaintiff was eventually forced to resign.

15. Additionally, plaintiff was subject to other forms of discrimination not referenced herein.

16. All conditions precedent to this action have been fulfilled. The Charges of discrimination were filed with the EEOC and also with the Florida Commission on Human Relations within 300 days of the alleged violation (see attached "A" and "B") and over (6) months have passed since filing of the complaints.

## COUNT I: VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

Plaintiff **BURKE-THOMPSON** pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant **BAPTIST HEALTH**, and re-alleges as set forth herein paragraphs 1-16 of this initial complaint and states:

17. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with

3

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

18. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Black race.

19. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Black race.

20. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff is Black.

21. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

22. The Plaintiff was qualified for the position apart from her apparent race.

23. The Plaintiff was discriminated against by her supervisor because she is Black.

24. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

25. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

26. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights,

4

discriminated against Plaintiff on account of her **race** in violation of Act with respect to its decision to treat Plaintiff different from other employees.

27. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Black, in violation of the Act.

28. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

29. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's **race**.

30. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their **race**. The discrimination on the basis of **race** constitutes unlawful discrimination.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, **BURKE-THOMPSON**, respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, **BAPTIST HEALTH**, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of **race**.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her **race**.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON RACE

COMES NOW, Plaintiff **BURKE-THOMPSON** pursuant to Florida Statute Section 760 sues Defendant **BAPTIST HEALTH** and re-alleges the facts as set forth herein paragraphs 1-30 of this initial complaint and states:

31. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states "It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment,

6

**REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW**
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000   FAX: (305)416-5005

because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

32. The discrimination and termination of Plaintiff by Defendant was on the basis of Plaintiff being Black.

33. At all relevant times aforementioned, including the time of employment termination of Plaintiff, Defendant, was aware that Plaintiff was Black.

34. .At the time of Defendant's termination of her employment, Plaintiff did perform and excel at the performance of the essential functions of her position.

35. The Plaintiff was qualified for the position.

36. The termination of Plaintiff's employment was on the basis of **race**.

37. Plaintiff was fired by Defendant and Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her **race** while working for Defendant in violation of Florida Statute Section 760.

38. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

39. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating employment, her Black **race**.

40. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status.

7

41. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff **BURKE-THOMPSON** respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant **BAPTIST HEALTH**, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of **race**.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her **race**.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

Dated: 3/10/06

Respectfully submitted,

8

**REMER & GEORGES-PIERRE, P.A.**
100 N. Biscayne Boulevard
Suite 1003
Miami, Florida 33132
Tel. (305) 416-5000
Fax: (305) 416-5005

By: /s/ Anthony M. Georges-Pierre
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637

9

REMER & GEORGES-PIERRE, P.A., ATTORNEYS AT LAW
NEW WORLD TOWER, 100 N. BISCAYNE BLVD. SUITE 1003, MIAMI, FL 33132
PH: (305)416-5000    FAX: (305)416-5005

# EXHIBIT "A"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [ ] FEPA | |
| | [X] EEOC | 150-2005-02475 |
| | | ___ and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Lisa Burke-Thompson | (305) 724-6945 | 02-05-1961 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11381 Sw 176 Street Miami, FL 33157 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BAPTIST HEALTH SYSTEM | 201 - 500 | (305) 596-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8900 N. Kendall Drive, Kendall, FL 33176 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON: (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-16-2005    Latest: 03-16-2005
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am Black. I worked for the above Respondent as a Child Care Assistant for 4 ½ years. I was approved for 30 days leave due to illness and upon my return I was told by Ms. Acosta, Supervisor, that I no longer had a position. She advised me that I needed to reapply for my position or other positions in the system. I have applied numerous times and I have not been interviewed or hired. The applications are not acknowledged. I was subsequently terminated on March 16, 2005.

II. I was told that I did not return to work on time and that no one is aware of the approved leave request.

III. I believe that I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| *[signature]* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date    Charging Party Signature | |

# EXHIBIT "B"

EEOC Form 161 (3/98)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lisa Burke-Thompson<br>11381 Sw 176 Street<br>Miami, FL 33157 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2005-02475 | Adrienne Stein,<br>Investigator | (305) 530-6029 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Federico Costales,
District Director

DEC 2 8 2005
*(Date Mailed)*

Enclosure(s)

cc: Stearns Weaver Miller
    Weissler Alhadeff and Sitterson, P.A.
    Robert T. Kofman, Esq.
    150 West Flager Street
    Suite 2200
    Miami, FL 33130

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
LISA BURKE-THOMPSON

**DEFENDANTS**
BAPTIST HEALTH SYSTEM, INC.

06-20652

MAGISTRATE JUDGE BROWN

**(b)** County of Residence of First Listed Plaintiff: MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
REMER & GEORGES-PIERRE, P.A.
100 N. BISCAYNE BLVD. STE #1003
MIAMI, FL 33132   (305)416-5000

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity))
42 USC ss 2000 (Title VII)-Defendant discriminated against Plaintiff due to her race in violation of the Title VII.

LENGTH OF TRIAL via __5__ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 3/10/06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT $250.00 APPLYING IFP _____